# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Taylor Beth Fry,                          :
                    Appellant             :
                                          :
        v.                                :   No. 356 C.D. 2022
                                          :   SUBMITTED:  November 14, 2022
City of Philadelphia                      :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  December 7, 2022**

Taylor Beth Fry appeals from an order of the Court of Common Pleas of Philadelphia County granting the City of Philadelphia's motion for summary judgment.  We affirm.[1]

The relevant background of this matter is as follows.  Following an October 2017 car accident in the City of Philadelphia, Fry filed a one-count civil complaint against the City and the Commonwealth of Pennsylvania.  The Commonwealth is no longer part of the lawsuit.[2]

---

[1] The entry of summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Marks v. Tasman*, 589 A.2d 205, 206 (Pa. 1991).  The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.  Our review of an order granting summary judgment involves only an issue of law.  Hence, our review is plenary. *Bourgeois v. Snow Time, Inc.*, 242 A.3d 637 (Pa. 2020).

[2] In February 2020, the trial court granted the Commonwealth's motion for judgment on the pleadings as uncontested, entering judgment on the pleadings in favor of the Commonwealth, and
**(Footnote continued on next page…)**

On the day of the accident, Fry was traveling by car on the Henry Avenue bridge in the direction of Valley Avenue. (Sept. 30, 2021 Fry Dep., Notes of Test. "N.T." at 18 and 22; App. at P-55 - P-56.) She testified that she had visibility even though it was drizzling and the car's headlights and windshield wipers were activated. (N.T. at 17-18; App. at P-54 - P-56.) She noted that it had been raining earlier in the day and that there were flooding conditions at the accident site. (N.T. at 17 and 22; App. at P-54 and P-56.) Describing the mechanics of the accident, Fry testified:

> We were driving in the left lane so closer to the center. We were driving and a car drove past us in the left-hand lane and that [sic] was an excess of water from the sewer that came like a tidal wave over my windshield and the windshield [of] the car in front of me so the car abruptly had stopped in front of me so I couldn't – my inability to see from the water on the windshield caused me to go head first [sic] into her car.

(N.T. at 22; App. at P-56.) Fry stated that she braked when the splash occurred but that the car in front of her braked harder such that Fry's car collided with the car in front of her. (N.T. at 25-26; App. at P-56 - P-57.)

Alleging the existence of a dangerous and defective condition, Fry averred that there was "a defect in the roadway" at or near the intersection of Henry and Valley Avenues causing water to accumulate on rainy days thereby creating a flooding hazard and a danger to travelers. (Aug. 15, 2019 Compl., ¶ 7; App. at P-3.) Fry alleged that she lost control of her car "when the roadway, which was flooded as a result of the aforementioned defect, caused a motor vehicle collision as a result

---

dismissing Fry's complaint against the Commonwealth only. In addition, the trial court dismissed all claims and cross-claims against the Commonwealth, with prejudice. Neither the City nor Fry appealed from that order. (Trial Ct.'s Docket Entries at 7; App. at P-185.)

of the aforementioned dangerous and hazardous condition . . . ." (Compl., ¶ 9; App. at P-3 - P-4.) She averred that "[t]he accident . . . was caused solely by the negligent act and/or omission of the . . . City . . . and a failure to maintain the roadway in a safe condition . . . ." (Compl., ¶ 10; App. at P-3 - P-4.) She averred that the negligence consisted of the following:

> a. Permitting the existence of a dangerous and defective condition on a public roadway;
>
> b. Failing to warn the Plaintiff and the public at large of the dangerous and defective condition;
>
> c. Failing to correct the said dangerous and defective condition;
>
> d. Failing to properly supervise and instruct employees in the care and maintenance of the roadway;
>
> e. Failing to exercise due care with regard to the rights and safety of the Plaintiff under the circumstances, by failing to either warn or remove the defective and dangerous condition, and by allowing the condition to exist after receiving either actual or constructive knowledge of it[;]
>
> f. The improper design, construction and deterioration of the roadway at the location of the accident;
>
> g. Allowing the aforesaid dangerous condition to remain for an unreasonable amount of time;
>
> h. Failing to maintain said roadway in a condition which would protect and safeguard persons lawfully walking over same;
>
> i. Permitting said roadway to become and remain in a dangerous condition as to constitute a menace, danger, nuisance, snare and trap for persons lawfully walking over same; and
>
> j. Failing to have said roadway inspected at reasonable intervals in order to determine condition of the same.

(Compl., ¶12; App. at P-4 - P-5.)

Following several depositions, including the September 2021 depositions of Fry and James Rice, Jr., Assistant Manager of the Customer Field Unit of the City's Water Department, the City filed a motion for summary judgment. The trial court granted the City's November 2021 motion and Fry's appeal followed.[3]

Pursuant to Section 8541 of the Judicial Code, "no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. However, "a local agency shall be liable for damages if: (1) the damages would be recoverable under common law or a statute creating a cause of action if caused by a person without immunity; (2) the injury was caused by a local agency or employee thereof; and (3) the negligent act falls within an exception enumerated in [S]ection 8542(b) of the Judicial Code[, 42 Pa.C.S. § 8542(b)]." *Lacava v. Se. Pa. Transp. Auth.*, 157 A.3d 1003, 1009 (Pa. Cmwlth. 2017). *See also* 42 Pa.C.S. § 8542(a). Given the express legislative intent to insulate political subdivisions from tort liability, the exceptions to immunity must be narrowly interpreted. *Mascaro v. Youth Study Ctr.*, 523 A.2d 1118, 1123 (Pa. 1987).

In the present case, there are two potentially applicable exceptions to immunity from liability for acts by the City or any of its employees—the "utility service facilities" exception and the "streets" exception. However, in Fry's brief filed with this Court, she argues only that the "utility service facilities" exception applies without mentioning the "streets" exception.[4] Consequently, she has waived raising

---

[3] In March 2022, Fry's appeal was transferred from the Superior Court to the Commonwealth Court.

[4] The "streets" exception provides:

**(Footnote continued on next page…)**

4

any issue as to the "streets" exception on appeal.  *Tracy v. Unemployment Comp. Bd. of Review*, 23 A.3d 612, 616 n.3  (Pa. Cmwlth. 2011) (failure to address issue in appellate brief constitutes abandonment and waiver).  Accordingly, beyond stating

---

(6) *Streets.*

(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

(ii) A dangerous condition of streets owned or under the jurisdiction of Commonwealth agencies, if all of the following conditions are met:

(A) The local agency has entered into a written contract with a Commonwealth agency for the maintenance and repair by the local agency of such streets and the contract either:

(I) had not expired or been otherwise terminated prior to the occurrence of the injury; or

(II) if expired, contained a provision that expressly established local agency responsibility beyond the term of the contract for injuries arising out of the local agency's work.

(B) The injury and dangerous condition were directly caused by the negligent performance of its duties under such contract.

(C) The claimant must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(6).

that we agree with the trial court that there was no basis for the applicability of the "streets" exception,[5] we turn to the "utility service facilities" exception.

The "utility service facilities" exception provides:

> (5) *Utility service facilities.* — A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights- of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(5).

As an initial mater, Fry specifically averred that a "defect in the roadway caused water to accumulate on rainy days, causing a flooding hazard . . . ." (Compl., ¶ 7; App. at P-3.) As the trial court observed, the referenced "defect" "could just as easily have been a dip or indentation in the road having nothing to do with a sewer." (June 14, 2022 Trial Ct. Op. at 18.) Further, Fry never amended her complaint to encompass the particulars of the "utility service facilities" exception.

---

[5] As the trial court concluded, the local agency must own the street or have a contract with the Commonwealth in order for the "streets" exception to apply. 42 Pa.C.S. § 8542(b)(6)(i) and (ii). Fry did not challenge the City's assertion that the Henry Avenue bridge is State Route 67055 pursuant to Section 2 of what has been referred to as the State Highway Act of 1941, Act of May 7, 1937, P.L. 589, *as amended* by the Act of July 10, 1941, P.L. 345, 36 P.S. § 961-2. (*See* Nov. 8, 2021 City's Mot. for Summ. J., "Laws of Pennsylvania, Session of 1941," Ex. C at 1-7; App. at P-73 - P-79.) In addition, there was no evidence of a contract between the Commonwealth and the City pursuant to which the City was responsible to maintain the route. In any event, even if the City had responsibility for the route, the dangerous condition had to arise from the street itself rather than from something that had fallen on it, such as rain. *See Page v. City of Phila.*, 25 A.3d 471, 480 (Pa. Cmwlth. 2011) (affirming grant of summary judgment in favor of the City where plaintiff could not show that ice on a street was a defect of the street).

6

As the trial court observed, the application of the "utility service facilities" exception requires an allegation as to the existence of a dangerous condition inherent in the utility service facility itself. *Falor v. Sw. Pa. Water Auth.*, 102 A.3d 584, 588 (Pa. Cmwlth. 2014). After closely examining the complaint, the trial court determined that it

> shows the absence of any pleading that [Fry's] injuries were caused by a defect in, or a dangerous condition caused by, a sewer or other "utility" or "service." Plaintiff Fry does not plead that a sewer system itself was dangerous or unsafe for its intended purpose or that it caused a dangerous or hazardous condition. Nowhere in the Complaint is the word "sewer" even mentioned or suggested; nowhere are the words "utility," "drain" or "drainage" mentioned.

(June 14, 2022 Trial Ct. Op. at 18.) In addition, Fry failed to plead that the City had actual or constructive notice of any dangerous condition of the sewer inlet thereby creating a foreseeable risk of harm. Such allegations are also required for application of the exception. *Falor*, 102 A.3d at 589 [citing *Le-Nature's, Inc. v. Latrobe Mun. Auth.*, 913 A.2d 988, 993 (Pa. Cmwlth. 2006)].

Moreover, even if Fry had amended her complaint to allege facts pertinent to the "utility service facilities" exception, no evidence was adduced that the flooding was caused by the City's negligent maintenance of the sewer inlet, as opposed to the inadequacy of the sewer, or that the City had notice of any dangerous conditions, such as debris buildup. Rice testified as to the City's inspection and maintenance schedule near the accident site and what process employees undertake to unclog a sewer inlet once they are aware that it is clogged. As part of the regular cleaning schedule, Rice testified that sewer inlets near the accident site were cleaned in the month before the accident. (Sept. 30, 2021 Rice Dep. at 12-13; App. at P-95.)

7

In addition, what appeared to be a regularly scheduled cleaning occurred on the night after the accident. (N.T. at 14; App. at P-96.) Rice admitted that he did not know whether the sewer inlets near the accident site were clogged on the day of the accident but observed that most sewer inlets in the City flood during periods of significant rainfall. (N.T. at 10 and 16; App. at P-95 and P-96.) As he explained, the sewer inlets are designed to handle normal rainfall and residential use. (N.T. at 21; App. at P-97.) He confirmed that there were no standing orders requiring a crew to service the inlets near the accident site after every significant rainfall. (N.T. at 16; App. at P-96.)

Pennsylvania is a fact pleading state. *Unified Sportsmen of Pa. v. Pa. Game Comm'n*, 950 A.2d 1120, 1134 (Pa. Cmwlth. 2008). As the trial court observed, Fry alleged only a "defect in the roadway." However, it was up to Fry to plead specific material facts in her complaint in support of her legal claims and theories of recovery. *Com. ex rel. Pappert v. TAP Pharma. Prods., Inc.*, 868 A.2d 624, 635 (Pa. Cmwlth. 2005) (Pennsylvania Rule of Civil Procedure 1019(a), Pa.R.Civ.P. 1019(a), "requires a plaintiff to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action."). Given the fact that we must narrowly construe the immunity exceptions, *Mascaro*, we conclude that the trial court did not err in granting summary judgment in the City's favor.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Taylor Beth Fry,           :
       Appellant       :
                             :
         v.             :    No. 356 C.D. 2022
                             :
City of Philadelphia         :

# **O R D E R**

AND NOW, this 7th day of December, 2022, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita